IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,346-01






EX PARTE SCOTT LEE JAMES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 25058 IN THE 196TH DISTRICT COURT


FROM HUNT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with
intent to deliver a controlled substance and sentenced to sixty-nine years' imprisonment. The Sixth
Court of Appeals affirmed his conviction. James v. State, No. 06-09-00126-CR (Tex.
App.-Texarkana, April 23, 2010). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
he did not preserve error on his motion to suppress and because he did not adequately inform
Applicant of the risks of declining the State's final plea offer, basically promising Applicant that he
would prevail on the motion to suppress and he would be acquitted.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from Applicant's trial counsel regarding Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). 

 It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing,
it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 14, 2011

Do not publish